IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ECLIPSE MANUFACTURING CO., an Illinois corporation, individually and on behalf of the certified class, as assignee,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES COMPLIANCE COMPANY, d/b/a United States Compliance Corp.,<br><br>Defendant,<br><br>HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation, (citation defendant),<br><br>Third Party Defendant. | No. 05 C 5406 |

## MEMORANDUM OPINION AND ORDER

Eclipse Manufacturing Co. ("Eclipse") is the named plaintiff in a class action that was brought against United States Compliance Company ("U.S. Compliance") in the Circuit Court of the 19th Judicial District Lake County, Illinois (the "Circuit Court"). Based on receiving unsolicited fax advertisements from U.S. Compliance, Eclipse alleged violations of the Telephone Consumer Protection Act (47 U.S.C. § 227),

common law conversion, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. The class action was certified and the Circuit Court approved a settlement between U.S. Compliance and the class.

Under the terms of the class settlement, plaintiffs were entitled to a judgment against U.S. Compliance in the amount of $3,999,999.98. As to any moneys collected, one-third is to be used to pay costs and attorney fees of the class, Eclipse is to receive a $4,000.00 incentive award, and the remainder is to be paid pro rata to each class member. However, other than Eclipse's additional incentive award, no class member is to receive more than $500.00. Any excess or unclaimed or undistributed funds are to be paid to a charity to be designated by the Circuit Court. It was further agreed that class members will not attempt to execute the judgment on any asset of U.S. Compliance except any amounts payable under U.S. Compliance's insurance policies for the pertinent time period, including policies with Hartford Casualty Insurance Company ("Hartford").

Consistent with the terms of the settlement agreement, the Circuit Court entered a judgment. The judgment order expressly approves the settlement, including the amount of damages, and orders the parties to consummate the settlement. The judgment order expressly retains jurisdiction to enforce the judgment and settlement agreement. Paragraph D of the judgment order states: "The Court enters judgment against Defendant and

in favor of the Class on Counts I, II, and III of the Complaint in the total amount of $3,999,999.98." The $4,000.00 incentive award and the one-third allocation for fees and costs are also expressly mentioned in the judgment order. The covenant not to execute as against U.S. Compliance is expressly stated in the judgment order, as well as the assignment of U.S. Compliance's rights under insurance policies, including policies with Hartford. While the judgment order expressly refers to the amount of damages for the class being approved as fair and reasonable, there is no express statement as to the $500.00 limit per class member. However, the repeated references to the settlement agreement and the nature of the judgment order must be understood as incorporating into the judgment the terms of the settlement agreement, including the $500.00 per class member limit.[1]

After the judgment was entered, the class members filed a citation to discover assets in the class action case. See 735 ILCS 5/2-1402. In the citation, Hartford is named as a "third-party respondent." Within 30 days after being served, Hartford removed the citation proceeding to this court. The class members have moved to remand on the ground that the citation proceeding is not a removable action. The class members

---

[1] Unlike Fed. R. Civ. P. 58, Illinois court rules do not require that a judgment be on a separate, stand-alone document. See 735 ILCS 5/2-1301(a) ("Judgments shall be in the form required by the nature of the case and by the recovery or relief awarded.").

contend that, under the federal removal statute, the citation is not a distinct civil action that may be removed separately from the class action itself. Even if the citation proceeding were to be considered a separately removable action, class members also contend that the jurisdictional amount and complete diversity requirements for diversity jurisdiction are not satisfied.

The first issue to consider is whether the citation proceeding is a separate and independent action from the class action itself. Under the general federal removal statute, 28 U.S.C. § 1441(a), only independent civil actions may be removed. Federal Savings & Loan Insurance Corp. v. Quinn, 419 F.2d 1014, 1018 (7th Cir. 1969). Proceedings that are ancillary or supplementary to a nonremovable action may not be removed. Id.; Johnson v. Wilson, 185 F. Supp. 2d 960, 963 (S.D. Ind. 2002); Action Auto Stores, Inc. v. United Capitol Insurance Co., 1992 WL 21203 *1 (W.D. Mich. Jan. 13, 1992); Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3721 at 311-13 (3d ed. 1998) ("Federal Practice"). Some particular state court postjudgment proceedings have been found to be separate and independent actions that are removable if the requirements of diversity jurisdiction are satisfied. See Federal Practice § 3721 at 313 & n.58. For example, various state garnishment proceedings, including against insurance companies, have been found to be independent civil actions. See id. at 308 & n.50; Hairrell v.

Winterville Marine Services, Inc., 2004 WL 2931273 *1 (N.D. Ill. Dec. 16, 2004) (garnishment pursuant to 735 ILCS 5/12-701-19); Stewart v. EGNEP (Pty) Ltd., 581 F. Supp. 788, 789-90 (C.D. Ill. 1983) (same); Johnson, 185 F. Supp. 2d at 963; Auto Action, 1992 WL 21203 at *2-3. But see Pinellas County v. Great American Management, & Investment, Inc., 762 F. Supp. 221, 223 (N.D. Ill. 1991) (garnishment pursuant to 735 ILCS 5/12-701-19). The particular case and state procedure must be considered in determining whether the proceeding is ancillary or independent of the related state court proceeding. State characterization of the proceeding may be considered, but federal law controls as to how a proceeding should be characterized for removal purposes. Quinn, 419 F.2d at 1018; Johnson, 185 F. Supp. 2d at 963; Auto Action, 1992 WL 21203 at *2; Federal Practice, § 3721 at 313-14.

The present case involves a citation to discover assets under 735 ILCS 5/2-1402. The statute itself refers to the proceeding as "[a] supplementary proceeding [which is] commenced by the service of a citation issued by the clerk." 735 ILCS 5/2-1402(a). In the Circuit Court, no new case number or docket was assigned to the citation proceeding that was removed. After reachable assets or income of the judgment debtor are discovered, the court "may . . . [a]uthorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to

the judgment creditor." Id. 5/2-1402(c)(6). Although subsection c(6) refers to maintaining an "action," the Rule does not state that this is to be considered a separate action. Also, such an action is only maintained in some cases and at some point subsequent to the issuance of the citation, not at the early citation stage at which the present case was removed.

Although no case has been found which addresses the removability of an Illinois 2-1402 proceeding, the Seventh Circuit has addressed whether a 2-1402 proceeding should be considered ancillary for another jurisdictional purpose. Federal Rule of Civil Procedure 69(a) incorporates state procedures for executing on a judgment. Such proceedings do not require an independent basis of federal jurisdiction if they are ancillary to the original action in which the judgment was entered. Yang v. City of Chicago, 137 F.3d 522, 525-26 (7th Cir. 1998), cert. denied, 525 U.S. 1140 (1999). A Rule 69 proceeding against a third party, including an Illinois garnishment proceeding, falls within the ancillary jurisdiction of the district court as long as "the additional proceeding does not inject so many new issues that it is functionally a separate case." Id. at 526 (quoting Wilson v. City of Chicago, 120 F.3d 681, 684 (7th Cir. 1997)). Rule 69 proceedings that fall within the ancillary jurisdiction of the district court include citations to discover assets under incorporated Illinois Rule of Civil Procedure

2-1402. <u>Matos v. Richard A. Nellis, Inc.</u>, 101 F.3d 1193, 1195 (7th Cir. 1996).

In this case, the citation to discover assets involves a third party that was not a party to the original action. However, this circumstance is true of many postjudgment proceedings including many citations to discover assets. It also involves the issue of whether the claims that were settled were covered by U.S. Compliance's Hartford policies. That is not an issue that is entirely new to the original action. The pleadings submitted to the Circuit Court in support of preliminary approval of the class settlement show that U.S. Compliance had requested that Hartford defend the lawsuit, but Hartford had declined. The possibility of insurance coverage was also an issue pertinent to the fairness and reasonableness of a settlement that limited execution of the resulting judgment to assigning U.S. Compliance's rights under the policies. While the coverage issues were not conclusively resolved prior to judgment, the Circuit Court had to consider the possibility and likelihood of insurance coverage in determining whether the class settlement would be approved. Additionally, to the extent Hartford is liable for coverage under the policies at issue, the Circuit Court would have to supervise the distribution of any recovery.

The state procedural rule appears to treat a citation to discover assets proceeding as part of the original case. Seventh Circuit case law has treated citations to discover assets and

other 2-1402 proceedings as ancillary when instituted in federal district court under Fed. R. Civ. P. 69(a). The removed proceeding does not raise issues that are entirely new to the case and any distribution of recovered amounts would have to be supervised by the state court. Accordingly, the removed proceeding is not separate and distinct from the class action proceeding itself. There is no dispute that the class action itself was not a removable proceeding. Therefore, this case will be remanded to the Circuit Court.

Even if the citation proceeding should properly be characterized as a separately removable action, the removal would still be improper because the jurisdictional amount requirement for diversity is not satisfied. See 28 U.S.C. § 1332(a). Hartford contends that the citation proceeding should be viewed as the class as a whole seeking to collect an undivided interest in the entire $3,999,999.98 judgment. As previously discussed, the judgement that was entered incorporates the settlement with the class. There are 15,640 class members so each member's pro rata share of the settlement is less than $300.00,[2] except that named plaintiff Eclipse is entitled to an

---

[2] An attorney for the class states in an affidavit that there are 15,640 members of the class and various pleadings filed in the Circuit Court refer to a class of 15,000 or more. However, the judgment order refers to 1,074 claims having been filed and 12 opt outs. Even if there are only 1,074 class members entitled to a portion of the settlement, each claimant's pro rata share is less that $4,000.00, which is still well below $75,000.00.

additional $4,000.00. In any event, no class member's share exceeds $75,000.00 as is necessary for diversity jurisdiction under § 1332(a). The general rule in class actions is that the claims of class members cannot be aggregated to satisfy the jurisdictional amount requirement; instead at least one plaintiff's share of the recovery must satisfy the jurisdictional amount requirement. Hahn v. PepsiCo, Inc., 350 F. Supp. 2d 758, 764 (N.D. Ill. 2004); In re Acterna Corp. Securities Litigation, 378 F. Supp. 2d 561, 590-91 (D. Md. 2005). Contrary to Hartford's contention, the judgment that the class is attempting to collect through Hartford cannot be viewed as an undivided lump sum. National Union Fire Insurance Co. of Pittsburgh, Pa. v. ESI Ergonomic Solutions, LLC, 342 F. Supp. 2d 853, 859-60 (D. Ariz. 2004). Each plaintiff is entitled to only his, her, or its share of any amounts recovered from Hartford, which, as to each and every class member, is less than $75,000.00.

Hartford points to the amount of attorney fees potentially being in excess of $75,000.00, but that amount is also to be attributed pro rata to each class member. Garbie v. Chrysler Corp., 8 F. Supp. 2d 814, 820 (N.D. Ill. 1998); Early v. K-Tel International, Inc., 1999 WL 181994 *8 (N.D. Ill. March 24, 1999); Hayes v. Fireman's Fund Mortgage Corp., 1991 WL 255529 *3 (N.D. Ill. Nov. 25, 1991). Hartford also points to there being a possible remainder for charity that might exceed $75,000.00, but there is no reason why that should be treated any differently

than a fee award. Any potential charitable remainder should also be attributed pro rata to each class member. Since the claim of no class member exceeds $75,000.00, the jurisdictional amount requirement for diversity would not be satisfied.

For the foregoing reasons, the removal was improper. This case will be remanded to the Circuit Court.

The class members request their costs and fees incurred as a result of the removal. See 28 U.S.C. § 1447(c). Absent exceptional circumstances, attorney fees resulting from an improper removal should only be awarded if "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005); Import Gel Corp. v. Rodeen, 2005 WL 3555422 *1-2 (W.D. Wis. Dec. 27, 2005). It cannot be found that Hartford lacked an objectively reasonable basis for removal. There were no precedents addressing whether an Illinois 2-1402 procedure is a separately removable procedure and Hartford could cite to garnishment proceedings in Illinois and other states that have been found to be separately removable. While the argument that the jurisdictional amount is satisfied is weaker, it was reasonable to argue that, for jurisdictional purposes, the class was attempting to collect one lump sum that exceeded the jurisdictional amount requirement. Eclipse will not be awarded its fees incurred for the removal. Eclipse will be awarded its

costs.  In accordance with Fed. R. Civ. P. 54(d)(1) and N.D. Ill. Loc. R. 54.1, Eclipse must timely file its bill of costs.

IT IS THEREFORE ORDERED that Eclipse Manufacturing Co.'s motion for remand [11] is granted in part and denied in part. The Clerk of the Court is directed to remand this action to the Circuit Court of the 19th Judicial District Lake County, Illinois.  As against Hartford Casualty Insurance Company, Eclipse Manufacturing Co. is awarded costs incurred as a result of the removal.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 4, 2006